**Response Deadline: September 9, 2014 at 4:00 p.m. (EDT)**
**Hearing Date and Time: September 16, 2014 at 10:00 a.m. (EDT)**

**ASK LLP**
Edward E. Neiger, Esq.
Marianna Udem, Esq.
151 West 46th Street, 4th Floor
New York, NY 10036
Telephone: (212) 267-7342
Facsimile: (212) 918-3427

*Counsel for the Alleged Debtor, Gershon Barkany*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 14-72941 (LAS) |
| Gershon Barkany,<br>                              Alleged Debtor | Chapter 7 |

## NOTICE OF MOTION TO DISMISS BANKRUPTCY CASE

**PLEASE TAKE NOTICE** that on August 13, 2014, Gershon Barkany (the "Alleged Debtor") by and through his undersigned counsel, filed a  motion ( the "Motion") to dismiss the above-captioned bankruptcy case pursuant to section 305 of Title 11 of the United States code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **September 16, at 10:00 a.m. (EDT)**, before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern

District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** that the responses and objections, if any, to the Motion and the relief requested herein, must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United Bankruptcy Court for the Eastern District of New York and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manuel for the Electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-242 and upon: (1) ASK LLP, 151 West 46th Street, 4th Floor, New York, NY 10036, counsel to Alleged Debtor; and (2)  the Office of the United States Trustee, Alfonse M. D'Amato Federal Court House, 560 Federal Plaza, Central Islip, New York 11722, so as to be actually received no later than **4:00 p.m. (EDT) on September 9, 2014**. Only those responses that are timely filed, served and received will be considered at the hearing.

Dated:  August 13, 2014
      New York, New York

              */s/ Edward E. Neiger*
              ASK LLP
              151 West 46th Street, 4th Floor
              New York, New York 10036
              Tel.:    212-267-7342
              Fax:    212-918-3427
              Edward E. Neiger, Esq.
              Marianna Udem, Esq.

              *Counsel to Gershon Barkany*

**Response Deadline: September 9, 2014 at 4:00 p.m (EDT)**
**Hearing Date and Time: September 16, 2014 at 10:00 a.m. (EDT)**

**ASK LLP**
Edward E. Neiger, Esq.
Marianna Udem, Esq.
151 West 46th Street, 4th Floor
New York, NY 10036
Telephone: (212) 267-7342
Facsimile: (212) 918-3427

*Counsel for the Alleged Debtor, Gershon Barkany*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Gershon Barkany,<br><br>                    Alleged Debtor | Case No. 14-72941 (LAS)<br><br>Chapter 7 |

## MOTION TO DISMISS BANKRUPTCY CASE

Gershon Barkany, the alleged Debtor, ("Barkany"), by and through his undersigned counsel, brings this motion (the "Motion") to dismiss the above-captioned bankruptcy case pursuant to sections 303 and 305 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully submits the following:

## BACKGROUND

1.      Joseph Rosenberg, Saul Kessler and Marina District Development Co., LLC (collectively the "Petitioning Creditors") filed an involuntary petition for bankruptcy against Barkany on June 25, 2014 initiating the above captioned bankruptcy case (the "Bankruptcy Case").

2.     Barkany opposes the Bankruptcy Case and seeks its dismissal as the relief sought by the Petitioning Creditors will offer no benefit to Barkany or the vast majority of his creditors.

3.     As discussed in more detail below, Barkany has been engaged in efforts to satisfy all of his creditors and believes that through these efforts, the claims of all of Barkany's creditors will be satisfied.  In addition, since 2010, Barkany has had procedures in place with several creditors originally owed in the aggregate approximately $58,000,000.00.  *See* Declaration of Gershon Barkany (hereinafter, "Barkany Decl.") at ¶ 3-4.  These creditors formed Barkany Asset Recovery and Management LLC (hereinafter "BARM").  *Id*. at ¶ 4.  Together, Barkany and BARM collected assets valued at in excess of $22 million dollars for the benefit of Barkany's creditors.  *Id*. at ¶ 5.  The proposed bankruptcy would only serve to disrupt ongoing efforts to satisfy all creditors and unduly delay an otherwise productive process.

## ARGUMENT

### A. Dismissal of the Bankruptcy Case Is Warranted Under Section 305(a) of the Bankruptcy Code

4.     This Court should exercise its discretion and abstain and dismiss the Bankruptcy Case even if the statutory requirements for an involuntary bankruptcy proceeding can be established.  Section 305(a)(1) of the Bankruptcy Code provides for abstention as follows: "The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if -- the interests of creditors and the debtor would be better served by such dismissal or suspension."  11 U.S.C. § 305(a)(1).

5.     "[T]he abstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance." *Baker v. Simpson*, 613 F.3d 346, 250 (2d Cir. 2010) *citing In re S.G. Phillips Constructors, Inc*., 45 F.3d 702, 708 (2d Cir. 1995).

2

6.      "The legislative history indicates that [section 305(a)(1)] was designed to be utilized where, for example, a few recalcitrant creditors attempted to interfere with an out-of-court restructuring that had the support of a significant percentage of the debtor's creditors." *In re Board of Directors of Multicanal, S.A.*, 314 B.R. 486 (Bankr. S.D.N.Y. 2004) *citing* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 325 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 35 (1979); *In re Wine & Spirits Specialties of Kansas City, Inc*., 142 B.R. 345, 347 (Bankr. W.D. Mo. 1992).

7.      Courts look at the following factors to determine whether abstention from exercising jurisdiction over an involuntary bankruptcy proceeding is appropriate: whether "(1) the petition was filed by a few recalcitrant creditors and that most creditors oppose the bankruptcy; (2) there is a state insolvency proceeding or an out-of-court arrangement pending; and (3) that dismissal is in the best interest of the Debtors*." In re Grigoli*, 151 B.R. 314, 319 (Bankr. E.D.N.Y. 1993) *citing In re Trina Assocs*., 128 B.R. 858 (Bankr. E.D.N.Y. 1991). Judge Duberstein further observed that courts must look to the facts of the individual case and identified seven additional factors that courts examine in making a determination on abstention:

> (1) economy and efficiency of administration; (2) whether another forum is available to protect the interest of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving the equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interest in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Grigoli*, 151 B.R. at 319 *citing In re Fax Station, Inc*., 118 B.R. 176, 177 (Bankr. D.R.I. 1990); *see also In re Paper I Partners, L.P*., 283 B.R. 661, 679 (Bankr. S.D.N.Y. 2002).

8.      In examining these factors, courts noted that "[a] relevant consideration is whether there are pending arrangements that will equitably satisfy creditor claims and not unduly burden or prejudice the debtor."  *In re Audio Visual Workshop, Inc*., 211 B.R. 154, 161 (Bankr. S.D.N.Y. 1997) *citing In re RAI Marketing Services, Inc*., 20 B.R. 943, 946 (Bankr. D. Kan. 1982).

9.      The *Audio Visual Workshop* court noted that the legislative history supported this conclusion: "if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the rights of creditors in that arrangement…The less expensive out-of-court workout may better serve the interests in the case." *Id.* at 160 citing H.R. 95-595, 95th Cong.1st Sess. 325 (1977), S.R. No. 95-989, 95th Cong. 2d Sess. 36 (1978), reprinted in U.S.C.C.A.N. pp. 5787, 6281, 5822 (1978).

10.      The facts of this case strongly support abstention by the Court.  Only three out of Barkany's many creditors participated in the filing of the involuntary petition, while most of Barkany's creditors have been engaged in cooperative efforts to satisfy their claims for several years.  To that end, since 2010, Barkany and his creditors collected in excess of $22,000,000[1] in partial satisfaction of Barkany's obligations.  *See* Barkany Decl. at ¶ 5. The majority of Barkany's creditors seek to continue these efforts and have expressed disapproval of the Bankruptcy Case.  *Id.* ¶ 6.  Upon information and belief, BARM (which represents the interests of Barkany's creditors holding claims in excess of $58 million dollars) intends to separately move to dismiss the Bankruptcy Case.  *Id.*

---

[1] There are several assets which are subject to formal evaluations and the repayment figure is expected to increase by several million dollars once such evaluations are completed.

11.     Since 2012, Barkany has been engaged as a consultant to a Texas Based Oil & Gas Exploration and Development Company ("O&G") on structure, investment management, administration and investor relations. *Id.* at ¶ 7.  In exchange for the services mentioned above, Barkany will receive a share of the profits earned by O&G.  *Id.*

12.     O&G is beginning to realize profits and, as a result, Barkany expects to earn tens of millions of dollars in income over the next three years.  *Id.* at ¶ 8.  Barkany anticipates that his earnings from O&G will enable him to repay all of his creditors within five years.  *Id.* at ¶ 9.

13.     Barkany further states that the above projection is conservative and based on an assessment by an impartial third party with expertise in the oil and gas industry. *Id.* at ¶ 10.

14.     Based on the foregoing, dismissal of the Bankruptcy Case is in the best interests of all parties involved as there is already an adequate process in place for resolving Barkany's creditors' claims.  As discussed above, Barkany and his creditors expended significant time and resources to effectuate repayment of a significant portion of Barkany's obligations.  With the exception of the Petitioning Creditors, the majority of Barkany's creditors are satisfied with the process that is underway and believe that it is the most efficient method to generate recoveries for creditors.  On the other hand, the Bankruptcy Case is likely to result in duplication of prior efforts and require all parties to incur significant additional costs.  Based on the foregoing, abstention is appropriate in this matter.

**B. Dismissal of the Bankruptcy Case Is Required Under Section 303(b)(1) of the Bankruptcy Code**

15.     11 U.S.C. § 303 (b)(1) provides that an involuntary case can be commenced "by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount…"  11 U.S.C. § 303(b)(1).  "The Bankruptcy Code does not define 'bona fide dispute.'  It has been left

to courts to give content to the term." *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 117 (2d. Cir. 2003) abrogated on other grounds. "[I]f there is a genuine issue of material fact that bears upon the debtor's liability to the petitioning creditor, or a meritorious contention as to the application of law to undisputed facts, the claim is subject to a bona fide dispute." *In re Audio Visual Workshop, Inc.*, 211 B.R. at 157 *citing In re Elsa Designs, Ltd.*, 155 B.R. 859, 863-65 (Bankr. S.D.N.Y. 1993).

16.     In *In re BDC 56 LLC* the Second Circuit adopted the Seventh Circuit's "objective test," noting that the "'[t]he bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of [the] debt.'" *In re BDC 56 LLC*, 330 F.3d at 117 *quoting In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987). "The legislative history makes it clear that Congress intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt…Congress plainly did not intend to require a debtor to pay a legitimately disputed debt simply to avoid the stigma of bankruptcy." *Id*. at 117-18 *quoting In re Lough*, 57 B.R. 993, 997 (E.D.M.I. 1986). "The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute." *Id*. at 118 *quoting Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir. 1991).

17.     In this case there is a bona fide dispute as to liability and the amount owed to Marina District Development Co., LLC ("Marina Development").  Barkany has been advised by BARM that the debt claimed by Marina Development is incorrect and, crucially, that an accounting performed S. David Belsky and Associates, forensic accountants to BARM, shows that a significant sum of money is owed by Marina Development to the estate.  *See* Barkany Decl. at ¶ 11-12.  In an attempt to resolve any such discrepancies, Barkany authorized the disclosure of all records of his accounts with Marina Development to BARM.  *Id.* at ¶ 13.

Barkany was recently advised that BARM asserts that Marina Development refused to cooperate with BARM in resolving this discrepancy. *Id.*  Upon information and belief, BARM asserts that Marina Development owes Barkany's estate $700,000.00 and commenced litigation against Marina Development.  *Id.* at ¶ 12-13. Indeed, this claim may be a further source of recovery to Barkany's creditors.

18.    Because there is a bona fide dispute as to the liability to Marina Development, if any, there are less than the minimally required three creditors to commence the Bankruptcy Case and the Bankruptcy Case must be dismissed.

## CONCLUSION

19.    For the reasons stated above, Barkany respectfully requests that this Court grant the Motion and dismiss the Bankruptcy Case.

Dated: August 13, 2014                  By:    ASK LLP


                                               /s/ Edward E. Neiger
                                               Edward E. Neiger, Esq.
                                               Marianna Udem, Esq.
                                               151 West 46th Street, 4th Fl.
                                               New York, NY  10036
                                               Telephone: (212) 267-7342
                                               Fax: (212) 918-3427

                                               *Attorneys for the Alleged Debtor, Gershon Barkany*

**ASK LLP**
Edward E. Neiger, Esq.
Marianna Udem, Esq.
151 West 46th Street, 4th Floor
New York, NY 10036
Telephone: (212) 267-7342
Facsimile: (212) 918-3427

*Counsel for the Alleged Debtor, Gershon Barkany*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 14-72941 (LAS) |
| Gershon Barkany,<br><br>                          Alleged Debtor | Chapter 7 |

## DECLARATION OF GERSHON BARKANY

Gershon Barkany, pursuant to 28 U.S.C. § 1746, declares the following to be true to the best of his knowledge under penalty of perjury.

1.       I submit this declaration in support of the motion (the "Motion") to dismiss the above-captioned bankruptcy case pursuant to sections 303 and 305 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* and Rule 1011 of the Federal Rules of Bankruptcy Procedure.

2.       Joseph Rosenberg, Saul Kessler and Marina District Development Co., LLC filed an involuntary petition for bankruptcy against me on June 25, 2014 initiating the above captioned bankruptcy case (the "Bankruptcy Case").

3.       Since 2010, I have been engaged in efforts to satisfy my outstanding obligations to all of my creditors and believe that through these continued efforts, the claims of all of my creditors will be satisfied.

4.      To that end, since 2010, I have had procedures in place with several creditors originally owed in the aggregate approximately $58,000,000.00.  These creditors have formed the "Barkany Asset Recovery and Management LLC" (hereinafter "BARM").

5.      Through this process, together with BARM, I have collected in excess of $22,000,000.00 in partial satisfaction of my obligations.  There are several assets which are subject to formal evaluations and the repayment figure is expected to increase by several millions of dollars once such evaluations are completed.

6.      The majority of my creditors seek to continue these efforts and have expressed disapproval of the Bankruptcy Case.  I have been advised that BARM intends to separately move to dismiss the Bankruptcy Case.

7.       Since 2012, I have acted as a consultant to a Texas Based Oil & Gas Exploration and Development Company ("O&G") on structure, investment management, administration and investor relations. In exchange for the services mentioned above, I receive a share of the profits earned by O&G.

8.      O&G has progressed to a stage where profits are starting to be realized and I expect to earn tens of millions of dollars in income over the next three years.

9.      I anticipate that I will be able to repay all of my creditors within five years.

10.     This projection is conservative and based on an assessment by an impartial third party with expertise in the oil and gas industry for over 33 years.

11.     I have been advised through counsel that BARM asserts that the debt claimed by Marina District Development Co., LLC ("Marina Development") is incorrect.

12.    I have been further advised that an accounting performed by S. David Belsky and Associates, forensic accountants to BARM, shows that Marina Development owes approximately $700,000 to my estate.

13.    In December 2012, I authorized the disclosure of all records of my accounts with Marina Development to the legal representatives of BARM.    In January 2013, Marina Development provided certain documents in response to the information request. I further understand that BARM initiated a lawsuit against Marina Development in 2014.  I was recently advised that BARM asserts that Marina Development has since refused to cooperate with BARM in resolving this discrepancy.

Dated: August 13, 2014

*/s/*Gershon Barkany
Gershon Barkany