UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | CASE NO. 8-14-72941 (LAS) |
| **GERSHON BARKANY,** | : | Chapter 7 |
| Debtor. | : | |

**MARINA DISTRICT DEVELOPMENT COMPANY, LLC'S
MEMORANDUM OF LAW IN OPPOSITION TO
DEBTOR'S AND BARKANY ASSET RECOVERY
AND MANAGEMENT'S MOTIONS TO DISMISS**

**Preliminary Statement**

Marina District Development, LLC ("Borgata") is one of the Petitioning Creditors in this Chapter 7 Proceeding, and submits this Memorandum in opposition to the Motions to Dismiss by Debtor Gershon Barkany ("Mr. Barkany") and Barkany Asset Recovery and Management, LLC ("BARM"). This Memorandum of Law, the accompanying Declaration of Dianne Brown, and the exhibits thereto are limited to Movants' claim that the debt owed by Debtor Gershon Barkany to Borgata is the subject of a *bona fide* dispute as to liability and amount. In all other respects, Borgata joins in and adopts the legal arguments contained in the submissions provided by Petitioning Creditor Joseph Rosenberg, which is being joined by Petitioning Creditor Saul Kessler.

The suggestion that the debt to Borgata is anything other than fixed as to liability and amount is pure fabrication, and treads dangerously on the line that divides the frivolous from evidentially supported factual allegations. The Declarations of Mr.

Barkany and S. David Belsky, the forensic accountant to Movant BARM are both disingenuous and factually incorrect. As set forth in detail below, Mr. Barkany is indebted to Borgata for $240,000, and he has specifically admitted to the existence and amount of the liability.

**Statement of Relevant Facts**

Everyone involved in this case is well aware that Mr. Barkany has a penchant for gambling. Relevant to the debt at issue here, on about March 22, 2012, Mr. Barkany submitted a Casino Credit Application to Borgata for a $200,000 line of credit. Declaration of Dianne Brown ("Brown Decl.") at ¶3 and **Exhibit A** thereto ("Exh."). The application was approved and Mr. Barkany was extended a $200,000 line of credit. Brown Decl. ¶4. Between May 2012 and March 2013, Mr. Barkany requested and received various changes to his credit limit, both upward and downward. In March 2013, his approved credit limit with Borgata was $300,000. Brown Decl. ¶¶5-6.

In order to draw on a Borgata line of credit, a casino patron requests a "marker" for a specified amount. The "marker" is actually a counter check generated by the Borgata casino system and drawn on the patron's own checking account. The check contains the patron's banking information, including ABA routing number and account number, which are provided by the patron in the credit application process. The "marker" is made payable to Borgata, and is held as security against repayment of the credit. When a marker is requested, the marker is issued at the gaming table or directly from the casino cage cashier and presented to the patron to sign. Brown Decl. ¶7. In exchange for the marker, the patron receives the specified amount of gaming chips with

which to gamble. The New Jersey Division of Gaming Enforcement ("DGE") regulations require that casino credit be repaid within 45 days on all markers with a dollar amount in excess of $5,000.00. If the credit is not repaid within 45 days, Borgata is required to deposit the marker in satisfaction of the liability. Brown Decl. ¶8. *See* N.J.A.C. 13:69D-1.28.

On March 9, 2013, Mr. Barkany requested 5 markers totaling $90,000. Because Mr. Barkany had sufficient available credit, the Borgata casino system generated the markers. Mr. Barkany signed the 5 markers drawn on his Citibank account ($10,000, $10,000, $20,000, $20,000, and $30,000). Brown Decl. ¶¶9-10 and **Exh. B**. On March 20, 2013, Mr. Barkany requested 3 markers totaling $60,000. Because Mr. Barkany had sufficient available credit, the Borgata casino system generated the markers. Mr. Barkany signed the 3 markers drawn on his Citibank account ($20,000, $20,000, and $20,000). Brown Decl. ¶¶11-12 and **Exh. C.** On March 21, 2013, Mr. Barkany requested 1 marker for $10,000. Because Mr. Barkany had sufficient available credit, the Borgata casino system generated the marker. Mr. Barkany signed the marker drawn on his Citibank account for $10,000. Brown Decl. ¶¶13-14 and **Exh. D**. On March 23, 2013, Mr. Barkany requested 5 markers totaling $72,000. Because Mr. Barkany had sufficient available credit, the Borgata casino system generated the markers. Mr. Barkany signed the markers drawn on his Citibank account ($18,000, $15,000, and $6,000, $21,000, and $12,000). Brown Decl. ¶¶15-16 and **Exh. E.** On March 24, 2013, Mr. Barkany requested 1 marker for $8,000. Because Mr. Barkany had sufficient available credit, the Borgata casino system generated the marker. Mr. Barkany signed a marker drawn on his Citibank account for $8,000. Brown Decl. ¶¶17-18 and **Exh. F**.

Mr. Barkany did not repay any of the above referenced credit line advances during the 45 day time period permitted by DGE rules. After expiration of the 45 day waiting period, Borgata deposited Mr. Barkany's markers, which totaled $240,000. Each and every marker was returned unpaid with the notation "Closed Account." Brown Decl. ¶¶19-20 and **Exhs. B-F.** On July 26, 2013, Mr. Barkany sent Ms. Brown, Borgata's Collections Manager, an e-mail regarding his outstanding balance in which he specifically acknowledges his liability to Borgata and made promises to repay. The e-mail speaks for itself and is a specific admission as to the liability for and amount of the debt to Borgata. Brown Decl. ¶22 and **Exh. G**. To date, Mr. Barkany has not satisfied his liability to Borgata for the $240,000. Brown Decl. ¶21.

### Argument

Point I

#### THE DEBT TO BORGATA IS FIXED AS TO LIABILITY AND AMOUNT

As set forth in Debtor's Motion to Dismiss, in determining whether there is a bona fide dispute as to Borgata's claim, this Court is tasked with determining whether there is an objective basis for either a factual or legal dispute as to the validity of the debt. *In re BDC 56 LLC*, 330 F.3d 111, 117 (2d Cir. 2003)(quotation omitted). Stated another way, there must be a genuine issue of material fact that bears upon the debtor's liability to the petitioning creditor. *In re Audio Visual Workshop, Inc.*, 211 B.R. 154, 157 (S.D.N.Y. 1997). In order to establish the existence of a genuine issue of material fact, a party generally bears the burden of demonstrating this assertion by citing to admissible evidence contained in the record. *See e.g.* Fed. R. Civ. P 56(c)(1). Both Movants'

allegations concerning the Borgata debt are based on the Declaration of S. David Belsky, a Certified Public Accountant employed by BARM.  Respectfully, the calculations contained in the Belsky Declaration have absolutely nothing to do with Mr. Barkany's debt to Borgata.  Mr. Belsky includes a list of purported transfers made by Mr. Barkany to Borgata in 2009-2011.  Ignoring the fact that Mr. Belsky has utterly failed to establish what these transfers were for, or to take into account the fact that a casino patron can simply cash his chips and walk out of a casino with the proceeds, the fact is that the debt at issue in this case did not arise until after March 2013, well after the transactions contained in Mr. Belsky's Declaration.  Since Mr. Belsky's calculations precede the debt at issue in this case by at least 2 years, they are clearly not relevant, and therefore not admissible (Fed. R. Evid. 402) to demonstrate the existence of a genuine dispute as to the nature and amount of the liability.

       Contrary to the unsupported and conclusory statements made by Messrs. Barkany and Belsky, the Declaration of Dianne Brown and the accompanying documentary evidence are admissible, incontestable evidence of the existence and amount of Mr. Barkany's liability.  Mr. Barkany accessed his credit with Borgata during several visits in March 2013.  His signature appears on the markers he requested, and he did not redeem those markers by paying back the debt with 45 days.  When the 45 days had expired and Borgata deposited the markers, they were returned unpaid.  Perhaps the most telling piece of evidence is Mr. Barkany's own admission that he is liable for the debt.  Apparently Mr. Barkany forgot this little fact when presented with the Belsky Declaration, and Mr. Belsky, for his part, does not appear to have bothered to ask Mr. Barkany about the nature and amount of the debt.  Whatever the reason, it is beyond dispute that Mr.

Barkany's debt to Borgata is fixed as to liability and amount. There is absolutely no basis for the Court to determine otherwise, and Movants' contrary allegations must be rejected.

### Point II

#### BORGATA JOINS THE LEGAL ARGUMENTS OF THE CO-PETITIONING CREDITORS

As noted in the Preliminary Statement, this Memorandum and its supporting documents are submitted to oppose Movants' irresponsible allegations that Mr. Barkany's debt to Borgata is neither fixed nor liquidated. Borgata opposes each of the other arguments contained in the Movants' Motions to Dismiss and in this regard joins in the legal arguments contained in the submission of Petitioning Creditors Joseph Rosenberg, to which the Court is respectfully referred.

## **Conclusion**

The debt owed to Borgata by Mr. Barkany is not the subject of a bona fide dispute. It is fixed and liquidated, and the evidence plainly shows that Mr. Barkany admits to the existence and amount of the debt. Based on the foregoing, Movants' argument that there are not three petitioning creditors must be rejected. For the reasons set forth in the submission of Petitioning Creditor Joseph Rosenberg, Movants' Motions to Dismiss should be denied in their entireties.

Dated: Hackensack, NJ
September 9, 2014

                                            s/ Jeremy M. Klausner
                                            Agostino & Associates, P.C.
                                            Attorneys for MDDC, LLC
                                            14 Washington Place
                                            Hackensack, NJ 07601
                                            (201) 488-5400
                                            jklausner@agostinolaw.com