**Hearing Date and Time:  November 13, 2014 at 11:00 a.m.**

| | |
|---|---|
| Lester M. Kirshenbaum | Mark S. Mulholland |
| Jonathan M. Agudelo | Jennifer L. Hartmann |
| Kaye Scholer LLP | Ruskin Moscou Faltischek, P.C. |
| 250 West 55th Street | 1425 RXR Plaza, East Tower 15th Floor |
| New York, New York  10019-9710 | Uniondale, New York  11556-1425 |
| Telephone:  (212) 836-8000 | Telephone:  (516) 663-6600 |
| Facsimile:  (212) 836-8689 | Facsimile:  (516) 663-6601 |
| *Attorneys for Petitioning Creditor Joseph Rosenberg and Movant Jonathan Zelinger* | *Attorneys for Whitefish Group, LLC, Sara Leifer, Murray Leifer, Jonathan Leifer & Edward Lowy* |
| | |
| Jeremy Klausner | Edward G. Warren |
| Agostino & Associates PC | Vouté Lohrfink Magro & McAndrew, LLP |
| 14 Washington Place | 170 Hamilton Avenue |
| Hackensack, New Jersey  07601 | White Plains, New York  10601 |
| Telephone:  (201) 488-5400 | Telephone:  (914) 946-1400 |
| Facsimile:  (201) 488-5855 | Facsimile:  (914) 946-8024 |
| *Attorney for Petitioning Creditor Marina District Development Co., LLC* | *Attorney for Steven Kwestel & Zucker & Kwestel LLP* |
| | |
| Lisa Levine-Shapiro | Motty Shulman |
| Law Office of Kramer & Shapiro, P.C. | Boies, Schiller & Flexner LLP |
| 80-02 Kew Gardens Road, Suite 302 | 333 Main Street |
| Kew Gardens, New York  11415 | Armonk, NY |
| Telephone:  (718) 520-1600 | Telephone:  (914) 749-8200 |
| Facsimile:  (718) 520-8751 | Facsimile:  (914) 749-8300 |
| *Attorney for Petitioning Creditor Saul Kessler* | *Attorney for Alfred Schonberger* |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re:                                               :
                                                     :   **Chapter No. 8-14-72941-las**
                                                     :
**GERSHON BARKANY,**                                 :   Chapter 7
                                                     :
                                                     :
                                                     :
            Alleged Debtor.                          :
----------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF CREDITORS' MOTION PURSUANT TO BANKRUPTCY RULE 2004 FOR ORDER DIRECTING PRODUCTION OF <u>DOCUMENTS BY BARM</u>**

62411148_3.docx

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

A.     The Requested Information Falls Squarely Within The Scope Of Rule 2004 And There Is An Immediate And Critical Need For That Information ...................................... 2

B.     The Possible Use Of Information Obtained Concerning The Transferred Barkany Properties In Another Case Does Not Warrant Denial Of The Motion .............................. 4

C.     The General Parameters Concerning The Breadth Of Rule 2004 Discovery Noted By BARM Are Not At All Instructive With Respect To The Clearly Justifiable And Appropriate Discovery Sought By Movants ................................................................. 5

D.     BARM Is Not Entitled To Mutual Discovery ................................................................... 5

E.     An Order For Relief Should Be Entered In This Case Immediately ................................. 7

CONCLUSION ............................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Coffee Cupboard, Inc.*,
   128 B.R. 509 (Bankr. E.D.N.Y. 1991) ................................................................................4

*In re DiLorenzo*,
   161 B.R. 752 (Bankr. S.D.N.Y. 1993) ............................................................................2,3

*In re Duratech Industries Inc.*,
   241 B.R. 283 (E.D.N.Y. 1999) .....................................................................................3,4,5

*In re Enron*,
   281 B.R. 836 (Bankr. S.D.N.Y. 2002) ................................................................................4

*In re Immudyne, Inc.*
   218 B.R. 860 (Bankr. S.D. Tex. 1998) ................................................................................3

*In re Symington*,
   209 B.R. 678 (Bankr. D. Md. 1997) ...................................................................................5

*In re Table Talk, Inc.*,
   51 B.R. 143 (Bankr. D. Mass. 1985) ..................................................................................4

*Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
   42 B.R. 362 (S.D.N.Y. 1984) ..............................................................................................5

*Snyder v. Society Bank*,
   181 B.R. 40 (S.D. Tex. 1994) .............................................................................................4

**RULES**

Fed. R. Bankr. P. 2004 ............................................................................................... *passim*

Fed. R. Bankr. P. 2004(b). ...................................................................................................1

**OTHER AUTHORITIES**

8 Norton Bankr. L. & Prac. 3d § 163:71 ..............................................................................1

9 Collier on Bankruptcy § 2004.02[6] (Alan N. Resnick & Henry J. Sommer eds., 16th
   ed. 2013) ..............................................................................................................................1

TO THE HONORABLE LOUIS A. SCARCELLA, UNITED STATES BANKRUPTCY JUDGE:

**PRELIMINARY STATEMENT**

On June 27, 2014, Mr. Jannuzzi, on behalf of Mr. Barkany, wrote a letter to Judge Wexler in response to a letter delivered to Judge Wexler earlier that day by BARM's counsel, Locke Lord. In that letter, among other things, Mr. Jannuzzi recited the following issues and concerns respecting BARM's unsupervised receipt and disposition of millions of dollars in cash, securities and real estate properties from Mr. Barkany:

> **To be candid, the Locke Lord firm has been the only party guilty of "stonewalling" progress in matters relevant to this Court. Specifically, while unrepresented by counsel and prior to his arrest, Mr. Barkany turned over to the Locke Lord firm tens of millions of dollars in various assets. At the time these assets were received by the Locke Lord firm, no value was assigned to the same. While this is deeply troubling for obvious reasons, additional concerns were raised as the Locke Lord firm has made inconsistent statements concerning the value of these same assets. After several months of pressing for an accounting of these assets, I was provided with a grossly incomplete schedule which, as was acknowledged by the Locke Lord firm, failed to report approximately ten million dollars in real estate turned over to the control of the Locke Lord firm.**

As more fully set forth in Movants' motion for Rule 2004 discovery (the "**Motion**"), Movants require prompt discovery from BARM, because BARM has confirmed and reiterated its intent to make a distribution of the Transferred Barkany Properties (as defined in the Motion) in the near future (the "**Barkany Assets Distribution**"). Quite obviously, Movants require complete information regarding the assets that Barkany has transferred to BARM and all of the actions and steps that have been taken by BARM in administering those assets in order to be able to effectively oppose BARM's attempt to effectuate the Barkany Assets Distribution.

Moreover, as discussed at pages 6-7 below, Movants respectfully submit that it is clear that BARM's overriding purpose and intention at the current stage of this involuntary case is to delay this Court's ruling on the involuntary petition until after BARM makes the Barkany

Assets Distribution. Therefore, the Movants respectfully submit that this Court should immediately enter the order for relief in this case in order to prevent potential prejudice to all of Barkany's creditors outside of the BARM group.

## ARGUMENT

**A.     The Requested Information Falls Squarely Within The Scope Of Rule 2004 And There Is An Immediate And Critical Need For That Information**

The scope of Rule 2004 is extremely broad. Rule 2004 may be used by any party in interest to examine any "entity" concerning "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). There is nothing in the rule that suggests that discovery under Rule 2004 is unavailable or otherwise restricted during the gap period of an involuntary proceeding. Under Rule 2004, "a 'party in interest' may seek an order of the court requiring the examination of 'any entity' at any time after a petition has been filed." 8 Norton Bankr. L. & Prac. 3d § 163:71.

Indeed, Colliers specifically states that "Rule 2004 allows discovery prior to entry of the order for relief in a pending involuntary case." 9 Collier on Bankruptcy § 2004.02[6] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013). With respect to this point, Colliers cites to *In re DiLorenzo*, 161 B.R. 752 (Bankr. S.D.N.Y. 1993). In that involuntary Chapter 7 case, one of the petitioning creditors was concerned that the alleged debtor would transfer estate assets to family members for less than fair consideration during the gap period. Therefore, that petitioning creditor moved for an order directing the alleged debtor to give at least ten days' notice of any intended transfer or other disposition of assets (other than as necessary to meet reasonable living expenses). The court denied the motion because there was no evidence in the record to support the stated concern that the alleged debtor was planning to transfer property.

Further in that regard, the court chastised the petitioning creditor for failing to take the necessary discovery with respect to its concern:

> The lack of evidence is particularly glaring because Chadbourne has not even attempted to obtain discovery on these matters from DiLorenzo. *See* Bankruptcy Rules 1018, 2004.

*DiLorenzo,* 161 B.R. 752, at 755.

Thus, the *DiLorenzo* case squarely states that if there is a fear that an alleged debtor will transfer property during the gap period, then Rule 2004 discovery on that subject is not only permissible, but it *should* be taken.

BARM's argument that Rule 2004 discovery during the gap period is limited to the issues of the Court's subject matter jurisdiction and the merits of the involuntary petition is simply wrong. In fact, discovery during the gap period on the subjects enumerated by BARM are brought pursuant to Bankruptcy Rules 7026 - 7036, which are made applicable to contested involuntary proceedings by Bankruptcy Rule 1018.

The single case relied on by BARM in support of its argument, *In re Immudyne, Inc.*, 218 B.R. 860 (Bankr. S.D. Tex. 1998), does not support BARM's proposition. In *Immudyne*, the court denied the alleged debtor's request to take discovery concerning whether the petitioning creditors had filed the involuntary petition in bad faith. The court explained that the requested discovery was not warranted until after the court's determination respecting whether the statutory grounds for keeping the case in bankruptcy had been met. This holding is consistent with the general rule that the issue of bad faith should not be addressed until after the court's determination on the threshold issues has been made.

B.   **The Possible Use Of Information Obtained Concerning The Transferred Barkany Properties In Another Case Does Not Warrant Denial Of The Motion**

Even though Movants have established a clear and immediate need for information concerning the Transferred Barkany Properties, BARM incorrectly argues that Rule 2004 discovery should not be allowed, because the requested discovery could be used by Movants in connection with other pending lawsuits. The two decisions cited by BARM on this subject do not support BARM's position. In one case, *In re Duratech Industries, Inc.*, 241 B.R. 283 (E.D.N.Y. 1999), while a lawsuit was pending in another court between the creditor seeking Rule 2004 discovery and the debtor in another court, the decision does not even mention the potential use of the requested information in that other lawsuit as a factor in the court's decision to deny the Rule 2004 motion. (The court's reasons for denying that Rule 2004 motion are discussed on page 5 below.) In the second case cited by BARM, *In re Enron*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002), the court could not find any reason for the Rule 2004 motion other than the use of such discovery in the other litigation.

In this regard, the relevant consideration is not whether the requested Rule 2004 discovery *might* be used in a pending proceeding in another court, but whether the movant's *sole* motivation for bringing the Rule 2004 motion is to obtain information for use in such other case. *See*, *e.g.*, *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516 (Bankr. E.D.N.Y. 1991) ("The mere fact that there is pending litigation against a person sought to be examined under Rule 2004 and possible use of such testimony in collateral litigation is not a sufficient reason for denying the examination."); *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985) ("It is, however, 'clear that pending litigation . . . against the person sought to be examined and the possible use of 205 [now 2004] testimony in that collateral litigation is not sufficient reason for denying examination.'"); *see also*, *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) (finding that

a motion to compel the production of documents was properly denied because "[a]ppellant offers no explanation of the need for the required documents in his cause of action" and because documents would *only* be of use in requestor's state court action against the examinee.).

C. **The General Parameters Concerning The Breadth Of Rule 2004 Discovery Noted By BARM Are Not At All Instructive With Respect To The Clearly Justifiable And Appropriate Discovery Sought By Movants**

BARM cites several cases that stand for the general proposition that discovery under Rule 2004 is "not without limit". However, none of the cases cited by BARM have facts at all similar to the case here; and none of the cases support BARM's efforts to avoid providing the appropriate discovery being sought by Movants. For example, in *Duratech*, the court denied a creditor's request for Rule 2004 discovery, purportedly sought for the purpose of helping that creditor draft a Chapter 11 plan of reorganization, where much of the information requested was available through public sources, and where that creditor had admitted to stealing the debtor's business records, customer lists and business equipment. *Duratech*, 241 B.R. 283. As a second example, in *Johns-Manville*, the district court vacated an order compelling a third party to produce information because the information sought was not relevant to the debtor's affairs. *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362 (S.D.N.Y. 1984). Such cases are clearly distinguishable from this case, where the creditors are seeking information concerning properties transferred from Barkany to BARM which apparently have brought in over $20 million in cash proceeds to BARM.

D. **BARM Is Not Entitled To Mutual Discovery**

BARM has no basis for its request for mutual discovery. Movants require Rule 2004 relief because of, and related to, BARM's stated intention to change the status quo by making a distribution of the proceeds of Barkany's assets in its possession. Movants are not proposing to take any similar type of action. Furthermore, there is no mutuality of discovery

under Rule 2004.  *See, In re Symington*, 209 B.R. 678, 685 (Bankr. D. Md. 1997) ("The authorization to conduct prelitigation discovery under Rule 2004 belongs exclusively to the movant.  The examinee has no reciprocal right to make a discovery demand upon the movant.")

At the hearing held on September 30, 2014, this Court expressly rejected BARM's request to take discovery concerning the claims of petitioning creditors Rosenberg and Kessler:  "I think for the purposes of judicial economy and efficiency here, rather than have the parties spend money with respect to discovery on the Rosenberg claim, let's get past the Borgata claim." (Status Conf. Tr. 70)[1]; "So there will be no discovery with respect to the Rosenberg claim or the Kessler claim." (Status Conf. Tr. 73).  The discovery that was denied to BARM at the hearing was in the nature of Rule 1018 discovery pertaining to the contested involuntary petition.  BARM is not suddenly entitled to Rule 1018 discovery simply because Movants are entitled to Rule 2004 relief.

Moreover, despite BARM's suggestion to the contrary, Movants have not previously requested, much less been denied, the Rule 2004 discovery being sought here.  At the September 30 hearing, counsel for Rosenberg summarized the details of the very extensive discovery that BARM has already taken of Messrs. Rosenberg and Zelinger in connection with BARM's judgment enforcement activities relating to Barkany's confession of judgment to BARM.  A discussion then ensued as to whether discovery in connection with the Rosenberg and Kessler claims would be taken at this time. (Status Conf. Tr. 72-73).  That discussion has nothing to do with Movants' request for Rule 2004 discovery concerning BARM's planned Barkany Assets Distribution.

---

[1] The full transcript of the September 30, 2014 hearing is attached as Exhibit 1 to the Declaration of Jonathan M. Agudelo (the "Agudelo Declaration") dated November 11, 2014, which is submitted in support of this Reply.

**E.     An Order For Relief Should Be Entered In This Case Immediately**

BARM's opposition papers to this Motion clearly show that BARM's purpose and intent in this case is to delay and push off this Court's ruling on the involuntary petition for the period of time necessary for BARM to distribute the Transferred Barkany Properties to its members. Perhaps the clearest statement illustrating BARM's true intention is set forth in Footnote 6 of BARM's opposition papers, where BARM wrote the following:

> BARM further submits that the petitioners and contingent creditors lack standing to seek an injunction barring BARM from transferring assets. An injunction could issue, if at all, only as an adjunct to an avoidance action or turnover action. Under the Bankruptcy Code, the right to prosecute those actions lies with a chapter 7 trustee appointed or elected pursuant to Bankruptcy Code sections 701 through 703. And as they lack standing to bring the action, they lack standing to compel discovery concerning it.

Movants vigorously dispute BARM's startling and troubling position that this Court may not grant Movants the right to take the requested discovery of BARM, and that this Court does not have the authority to enjoin BARM from distributing the proceeds of the Transferred Barkany Properties outside of an adversary proceeding commenced by a Bankruptcy Trustee. However, there is no purpose to be gained, and no good reason, to defer ruling on the involuntary petition any further. Movants respectfully submit that an order for relief should be entered forthwith, and that a Chapter 7 Trustee should be promptly appointed to take possession of all of the debtor's properties, and to commence an investigation concerning all potential avoidance actions (and other similar actions) available to Mr. Barkany's bankruptcy estate.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

In light of all the foregoing, Movants respectfully submit that the relief requested in the Motion should be granted. In addition, Movants respectfully request that this Court enter an immediate order for relief in the involuntary Chapter 7 case.

Dated: New York, New York
November 11, 2014

KAYE SCHOLER LLP

By: ___*s/ Lester M. Kirshenbaum*___
Lester M. Kirshenbaum, Esq.
Jonathan M. Agudelo, Esq.
250 West 55th Street
New York, New York 10019-9710
Tel: (212) 836-8000
E-Mail: lester.kirshenbaum@kayescholer.com
jonathan.agudelo@kayescholer.com
*Attorneys for Petitioning Creditor Joseph Rosenberg and Movant Jonathan Zelinger*

Jeremy Klausner
Agostino & Associates PC
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400
*Attorney for Petitioning Creditor Marina District Development Co., LLC*

Lisa Levine-Shapiro
Law Office of Kramer & Shapiro, P.C.
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Tel: (718) 520-1600
*Attorney for Petitioning Creditor Saul Kessler*

Mark S. Mulholland
Jennifer L. Hartmann
Ruskin Moscou Faltischek, P.C.
1425 RXR Plaza, East Tower 15th Floor
Uniondale, New York 11556-1425
Tel: (516) 663-6600
*Attorneys for Whitefish Group, LLC Sara Leifer, Murray Leifer, Jonathan Leifer & Edward Lowy*

        Edward G. Warren
        Vouté Lohrfink Magro & McAndrew, LLP
        170 Hamilton Avenue
        White Plains, New York  10601
        Tel:  (914) 946-1400
        *Attorney for Steven Kwestel & Zucker & Kwestel LLP*

        Motty Shulman
        Boies, Schiller & Flexner LLP
        333 Main Street
        Armonk, NY
        Tel:  (914) 749-8200
        *Attorney for Alfred Schonberger*