UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :
                                                    :    Chapter No. 8-14-72941-las
                                                    :
GERSHON BARKANY,                                    :    Chapter 7
                                                    :
                                                    :
         Debtor.                                    :
------------------------------------------------------------x

**AMENDED REPLY IN SUPPORT OF EX PARTE MOTION OF JOSEPH ROSENBERG, JONATHAN ZELINGER, ETHICAL PRODUCTS, INC. AND PETEX INTERNATIONAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND 9006 FOR TESTIMONY AND DIRECTING PRODUCTION OF DOCUMENTS BY THE RESPONDENTS**

Petitioning creditor Joseph Rosenberg ("**Rosenberg**"), Jonathan Zelinger ("**Zelinger**"), Ethical Products, Inc. ("**Ethical**") and Petex International ("**Petex**," and together with Rosenberg, Zelinger and Ethical, the "**Movants**") by and through their undersigned counsel, in reply to the (i) *Objection to Ex Parte Motion of Joseph Rosenberg, Jonathan Zelinger, Ethical Products, Inc. and Petex International pursuant to Federal Rule of Bankruptcy Procedure 2004 and 9006 for Testimony and Directing Production of Documents by the Respondents* [D.I. 151] (the "**BARM Objection**") and (ii) *Objection to Ex Parte Motion of Joseph Rosenberg, Jonathan Zelinger, Ethical Products, Inc. and Petex International pursuant to Federal Rule of Bankruptcy Procedure 2004 and 9006 for Testimony and Directing Production of Documents by the Respondents* [D.I. 152] (the "**Canadian Northern Objection**," and together with the BARM Objection, the "**Objections**"), respectfully state as follows:

1.      On March 12, 2015, Movants filed the *Ex Parte Motion of Joseph Rosenberg, Jonathan Zelinger, Ethical Products, Inc. and Petex International pursuant to Federal Rule of*

*Bankruptcy Procedure 2004 and 9006 for Testimony and Directing Production of Documents by the Respondents* [D.I. 149] (the "**Motion**").

2. On March 13, 2015, the Respondents[1] filed the Objections. Subsequent to the Respondents filing the Objections, Petitioning Creditors Marina District Development Co., LLC and Saul Kessler joined in the Motion.[2]

3. BARM and its creditor members (the "**BARM Group**") make two basic arguments. First, the BARM Group argues, without citing to any supporting authority, that Movants do not have standing to object to creditors seeking to vote in connection with the election of a successor trustee, because Movants may not vote in such an election. Second, the BARM Group argues, that Movants are not entitled to discovery with respect to Respondents' claims because such discovery would be duplicative of discovery that has been previously sought (but not received) by Movants. In their objection, the Canadian Northern Respondents join in the BARM Group's arguments, and also assert that their claims have not previously been disputed.

4. Contrary to the BARM Group's argument, as creditors, Movants are parties in interest that have standing to challenge the Respondents' eligibility to vote for a trustee. *See In re Qmect,* 2007 WL 219942, at *3 (Bankr. N.D. Cal. Jan. 25, 2007) (holding that "the inability to vote for a permanent trustee does not deprive a party in interest of standing to dispute the election [for a successor trustee]") (internal citations omitted).

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] *See Ex Parte Motion (Joinder) of Marina District Development Company, LLC pursuant to Fed. R. Bankr. P. 2004* [D.I. 153]; *Ex Parte Motion (Joinder) of Saul Kessler Pursuant to Fed. R. Bankr. P. 2004* [D.I. 154].

62627606_4

5. With respect to the BARM Group's argument that discovery sought by Movants against BARM is duplicative of Movants' previous discovery request, that simply is not the case. Previously this Court granted Movants' motion seeking discovery from BARM relating to BARM's stated intent to make a distribution to its members of assets it had received from Barkany[3]. The subpoena and document requests were limited to documents held by BARM relating to Barkany's assets that Barkany had transferred to BARM or its members (the "**Transferred Properties Discovery Requests**"). BARM responded by filing a motion to quash the subpoena (the "**Motion to Quash**")[4]. Subsequent to filing the Motion to Quash, BARM provided 77 pages of self-selected documents, and Movants received a copy of the Debtor's hard drives that BARM is holding. No other documents have been produced to Movants on any subject since the commencement of this bankruptcy case. Moreover, Movants have not previously sought discovery of any kind from the Canadian Northern Respondents or any of the BARM Respondents, other than BARM itself.

6. The Canadian Northern Objection's assertions that the Canadian Northern Respondents' claims have not been disputed is irrelevant to the Motion. First, no one could have previously objected to the claims of any of the Canadian Northern Respondents (or any other Respondent), as no Canadian Northern Respondent filed a proof of claim against the Debtor until March 10, 2015, on the eve of the Meeting of Creditors.

7. Second, even creditors who file claims which set forth accurate information as to the claim amounts, are ineligible to vote for trustee when they have interests materially adverse

---

[3] *See Motion of the Petitioning Creditors and Contingent Barkany Creditors Pursuant to Federal Rule of Bankruptcy Procedure 2004, 9006 and 9016 Directing Production of Documents by Barkany Asset Recovery and Management LLC* [D.I. 57].

[4] *See Motion to Quash Subpoena* [D.I. 88].

62627606_4

to other unsecured creditors. For example, a creditor who has received a preference of more than a minimal dollar amount has a materially adverse interest to other unsecured creditors. *See In re Williams*, 277 B.R. 114, 118 (Bankr. C.D. Cal. 2002); *Matter of NNLC Corp.*, 96 B.R. 7, 10 (Bankr. D. Conn. 1989); *In re Centennial Textiles*, 209 B.R. 31, 33 (Bankr. S.D.N.Y. 1997).

8. Also, "a demonstrated pattern of activity, which effectively does, or tends to, reduce recoveries by the estate, whereby a creditor pursues its own separate recoveries in competition with the estate, falls into the classic pattern of material adversity." *In re Klein*, 119 B.R. 971, 974-75 (N.D. Ill. 1990). Indeed, there are many different circumstances and situations where an unsecured creditor is deemed ineligible to vote on the basis that it has an interest materially adverse to other general unsecured creditors. *See, e.g., In re Petters Co., Inc.*, 425 B.R. 534, 550 (Bankr. D. Minn. 2010) (finding a materially adverse interest where unsecured creditor of parent claimed a security interest in a subsidiary property that was being challenged in subsidiary bankruptcy); *In re New York Produce American & Korean Auction Corp.*, 106 B.R. 42, 43 (Bankr. S.D.N.Y. 1989) (denying summary judgment to alleged unsecured creditors asserting claims under the Perishable Agricultural Commodities Act ("**PACA**") regarding disputed election because material issues of fact existed concerning whether the PACA claims asserted by such creditors put them in a materially adverse position to other creditors); *In re San Diego Symphony Orchestra Ass'n*, 201 B.R. 978, 984-85 (Bankr. S.D. Cal 2002) (holding that the priority portion of creditors' claims give them a materially adverse interest with respect to generally unsecured creditors).

9. Therefore, there are many areas of valid inquiry and discovery concerning the actions taken, and positions asserted, by a creditor requesting the election of a trustee, and seeking to vote at such election.

10. Movants' discovery requests will be focused on the following categories:

 a. All agreements between each Respondent and Barkany and/or one or more of the Barkany entities (collectively, "**Barkany**"), pursuant to which the Respondent transferred monies to Barkany;

 b. All agreements between each Respondent and Barkany pursuant to which Barkany transferred monies to the Respondent;

 c. All documents which were sent by either a Respondent or by Barkany in connection with Respondent's transfer of monies to Barkany;

 d. All documents which were sent by either a Respondent or by Barkany in connection with Barkany's transfer of monies to Respondent;

 e. All documents respecting Respondent's transfer or assignment of any portion of Respondent's claim against Barkany to one or more third persons; and

 f. All documents respecting the transfer or assignment of a portion of a third party claim to Respondent (collectively, the "**Document Requests**").

These Document Requests cover different categories from the Transferred Properties Discovery Requests. In any event since Respondents produced only a very limited number of documents to Movants (none of which were related to Respondents' claims), there is no duplication whatsoever.

## CONCLUSION

11. Should the Motion be granted, Movants intend to coordinate all discovery and make such discovery available to any other party in interest with standing to participate in the discovery, including, *inter alia*, other creditors, the United States Trustee and the Interim Trustee.

62627606_4

12. Movants respectfully request that the Court overrule the Objections, grant the Motion, and grant Movants such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 17, 2015

KAYE SCHOLER LLP

By:   *s/ Lester M. Kirshenbaum*
Lester M. Kirshenbaum, Esq.
Jonathan M. Agudelo, Esq.
250 West 55th Street
New York, New York 10019-9710
Tel: (212) 836-8000
E-Mail: lester.kirshenbaum@kayescholer.com
         jonathan.agudelo@kayescholer.com

*Attorneys for Petitioning Creditor Joseph Rosenberg and Creditors Jonathan Zelinger, Ethical Products, Inc. and Petex International*